PHILLIP A. TALBERT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:22-CR-16-TLN |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| BENJAMIN JOHN SARGISSON, | DATE: May 5, 2022 TIME: 9:30 a.m. COURT: Hon. Troy L. Nunley |
| Defendant. | |

**BACKGROUND**

This case is set for a status conference on May 5, 2022.  By this stipulation, the parties request that the Court continue the status conference to July 14, 2022, and to exclude time under Local Code T4 as well under the Court's General Orders, for the reasons set forth below, from May 5, 2022, to July 14, 2022.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the

1  extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13,

2  2020).  This and previous General Orders were entered to address public health concerns related to

3  COVID-19.

4        Although the General Orders address the district-wide health concern, the Supreme Court has

5  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

6  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

7  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

8  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

9  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

10  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

11  or in writing").

12        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

13  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

14  justice continuances are excludable only if "the judge granted such continuance on the basis of his

15  findings that the ends of justice served by taking such action outweigh the best interest of the public and

16  the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

17  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

18  the ends of justice served by the granting of such continuance outweigh the best interests of the public

19  and the defendant in a speedy trial."  *Id.*

20        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

21  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

22  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

23  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

24  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

25  recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

26  *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

27  following the September 11, 2001 terrorist attacks and the resultant public emergency).

28        The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.    By this stipulation, defendant now moves to continue the status conference until July 14, 2022, at 9:30 a.m., and to exclude time between May 5, 2022, and July 14, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

2.    The parties agree and stipulate, and request that the Court find the following:

a)    The government has represented that the discovery associated with this case includes investigative reports and photographs.  This discovery has been either produced directly to counsel and/or made available for inspection and copying.  The government is also in the process of confirming whether there is additional discovery, which it will produce in the event it is identified.

b)    Counsel for defendant desires additional time to review the discovery produced,

1   to consult with his client, to conduct investigation and research related to the current charges, to

2   discuss potential resolutions to this matter, and to otherwise prepare for trial.

3         c)    Counsel for defendant believes that failure to grant the above-requested

4   continuance would deny him/her the reasonable time necessary for effective preparation, taking

5   into account the exercise of due diligence.

6         d)    The government does not object to the continuance.

7         e)    In addition to the public health concerns cited by the General Orders and

8   presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

9   this case because the defendant is out of custody and lives an appreciable distance from

10   Sacramento, where defense counsel is based.  As a result, all travel must be carefully

11   coordinated, which is more difficult at this time.

12         f)    Based on the above-stated findings, the ends of justice served by continuing the

13   case as requested outweigh the interest of the public and the defendant in a trial within the

14   original date prescribed by the Speedy Trial Act.

15         g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

16   et seq., within which trial must commence, the time period of May 5, 2022 to July 14, 2022,

17   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

18   because it results from a continuance granted by the Court at defendant's request on the basis of

19   the Court's finding that the ends of justice served by taking such action outweigh the best interest

20   of the public and the defendant in a speedy trial.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 3, 2022                                    PHILLIP A. TALBERT
                                                       United States Attorney

                                                       /s/ JAMES R. CONOLLY
                                                       JAMES R. CONOLLY
                                                       Assistant United States Attorney

Dated:  May 3, 2022                                    /s/ RON PETERS
                                                       RON PETERS
                                                       Counsel for Defendant
                                                       BENJAMIN JOHN SARGISSON

**ORDER**

IT IS SO FOUND AND ORDERED this 4th day of May, 2022.

                                                       Troy L. Nunley
                                                       United States District Judge