Mario Tafur, Esq. (SBN: 329899)
BULLDOG LAW, P.C.
500 N. Central Avenue, Ste. 610
Glendale, CA 91203
Telephone: (949) 649-3007
Attorneys for Defendant
Benjamin Sargisson

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN JOHN SARGISSON,<br><br>Defendant. | Case No.: 2:22-CR-00016-DC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] ORDER<br><br>DATE: December 5, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. Dean M. Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on November 7, 2025.

2. By this stipulation, defendant moves to continue the status conference until December 5, 2025, at 9:30 a.m., and to exclude time between November 7, 2025, and December 5, 2025, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a. The government has managed to access the data from a DVR of security camera

footage that the defense has requested, with the access PIN that defense counsel provided. The DVR contains approximately five months' worth of video recording. The government is in the process of exporting the data, which is a time-consuming process, given the volume of data on the DVR. The government and defense counsel are discussing the most efficient and useful way of providing the exported data to the defense.

b. The government has represented that the discovery associated with this case includes investigative reports and photographs, which the government has produced directly to counsel. There is also physical evidence in the form of the firearms in question, which the government has available for inspection, and will likewise make any other physical evidence available for inspection.

c. Defense counsel desires additional time to review the discovery produced, as well as the anticipated discovery mentioned above, to consult with his client, to conduct investigation and research related to the current charges, to discuss potential resolutions to this matter, and to otherwise prepare for trial.

d. Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e. The government does not object to the continuance.

f. Based on the above-stated findings, the ends of justice served by continuing the case as requested, outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 7, 2025 to December 5, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

h.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: October 27, 2025

                                                            */s/ Mario Tafur*
                                                            Mario Tafur, Esq.
                                                            Attorney for Defendant

DATED: October 22, 2025

                                                            */s/ James R. Conolly*
                                                            James R. Conolly
                                                            Assistant United Stated Attorney

**ORDER**

The court, having received, read and considered the parties' stipulation filed on October 24, 2025, and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Status Conference scheduled for November 7, 2025, is VACATED and RESET for December 5, 2025 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between November 7, 2025, and December 5, 2025, inclusive, is excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:   **October 27, 2025**

_____
Dena Coggins
United States District Judge