```
1  ERIC GRANT
   United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-00016-DC |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] ORDER |
| v. | |
| BENJAMIN JOHN SARGISSON, | DATE: December 5, 2025 |
| Defendant. | TIME: 9:30 a.m.<br>COURT: Hon. Dena M. Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on December 5, 2025.

2. By this stipulation, defendant moves to continue the status conference until January 16, 2026, at 9:30 a.m., and to exclude time between December 5, 2025, and January 16, 2026, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government was able to access the data from a DVR of security camera footage that the defense requested, and the government has made it available for review at the FBI office in Roseville as of October 17, 2025. Given the months of footage stored on the DVR, the defense refined its discovery request, on November 20, to a limited date range for the video

1  footage.  The government is in the process of copying the data for this window of time for
2  delivery to the defense.  In the meantime, the footage remains available for viewing at the FBI
3  office.  Defense counsel will need further time to review this footage, at which time defense
4  counsel will determine whether or not further investigation is necessary.

5        b)      The government has represented that the discovery associated with this case
6  includes investigative reports and photographs, which the government has produced directly to
7  counsel.  There is also physical evidence in the form of the firearms in question, which the
8  government has available for inspection, and will likewise make any other physical evidence
9  available for inspection.

10       c)      Defense counsel desires additional time to review the discovery produced, as well
11 as the anticipated discovery mentioned above, to consult with his client, to conduct investigation
12 and research related to the current charges, to discuss potential resolutions to this matter, and to
13 otherwise prepare for trial.

14       d)      Counsel for defendant believes that failure to grant the above-requested
15 continuance would deny him/her the reasonable time necessary for effective preparation, taking
16 into account the exercise of due diligence.

17       e)      The government does not object to the continuance.

18       f)      Based on the above-stated findings, the ends of justice served by continuing the
19 case as requested outweigh the interest of the public and the defendant in a trial within the
20 original date prescribed by the Speedy Trial Act.

21       g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
22 et seq., within which trial must commence, the time period of December 5, 2025 to January 16,
23 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code
24 T4] because it results from a continuance granted by the Court at defendant's request on the basis
25 of the Court's finding that the ends of justice served by taking such action outweigh the best
26 interest of the public and the defendant in a speedy trial.

27 / / /

28 / / /

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  December 1, 2025                                ERIC GRANT
                                                        United States Attorney


                                                        /s/ JAMES R. CONOLLY
                                                        JAMES R. CONOLLY
                                                        Assistant United States Attorney


Dated:  December 1, 2025                                /s/ MARIO TAFUR
                                                        MARIO TAFUR
                                                        Counsel for Defendant
                                                        BENJAMIN JOHN SARGISSON

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

**ORDER**

The court, having received, read and considered the parties' stipulation filed on December 1, 2025, and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Status Conference scheduled for December 5, 2025, is VACATED and RESET for January 16, 2026 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between December 5, 2025 and January 16, 2026, inclusive, is excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated: __December 3, 2025__

Dena Coggins
United States District Judge