ERIC GRANT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-00016-DC |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] ORDER |
| v. | |
| BENJAMIN JOHN SARGISSON, | DATE: January 16, 2026 |
| Defendant. | TIME: 9:30 a.m. COURT: Hon. Dena M. Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on January 16, 2026.

2.      By this stipulation, defendant moves to continue the status conference until February 27, 2026, at 9:30 a.m., and to exclude time between January 16, 2026, and February 27, 2026, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government was able to access the data from a DVR of security camera footage that the defense requested, and the government has made it available for review at the FBI office in Roseville as of October 17, 2025.  Since the last filing in this matter, the government has been able to expedite copying of the entire DVR's data, and the defense has

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

provided a hard drive to the government to copy onto it the months of footage stored on the DVR.  The government is nearing completion of the process of copying the data and anticipates sending it to the defense within a few days.  In the meantime, the footage remains available for viewing at the FBI office.  Defense counsel will need further time to review this footage, at which time defense counsel will determine whether or not further investigation is necessary.

b)      The government has represented that the other discovery associated with this case includes investigative reports and photographs, which the government has produced directly to counsel.  There is also physical evidence in the form of the firearms in question, which the government has available for inspection, and will likewise make any other physical evidence available for inspection.

c)      Defense counsel desires additional time to review the discovery produced, as well as the anticipated discovery mentioned above, to consult with his client, to conduct investigation and research related to the current charges, to discuss potential resolutions to this matter, and to otherwise prepare for trial.

d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      The government does not object to the continuance.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 16, 2026 to February 27, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

/ / /

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 9, 2026                    ERIC GRANT
                                           United States Attorney


                                           /s/ JAMES R. CONOLLY
                                           JAMES R. CONOLLY
                                           Assistant United States Attorney


Dated:  January 9, 2026                    /s/ MARIO TAFUR
                                           MARIO TAFUR
                                           Counsel for Defendant
                                           BENJAMIN JOHN SARGISSON

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

**ORDER**

IT IS HEREBY ORDERED, the court, having received, read and considered the parties' stipulation filed on January 11, 2026 (Doc. No. 83), and good cause appearing therefrom, APPROVES the parties' stipulation.  Accordingly, the Status Conference scheduled for January 16, 2026, is VACATED and RESET for February 27, 2026, at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between January 16, 2026 and February 27, 2026, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:    **January 12, 2026**                                    _____

Dena Coggins
United States District Judge

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4