KARREN KENNEY, State Bar #174872
KENNEY LEGAL DEFENSE
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626

Telephone: (855) 505-5508
E-Mail: KARREN.KENNEY@GMAIL.COM

*Attorneys for Benjamin Sargisson*

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br>vs.<br>BENJAMIN SARGISSON ,<br>*Defendant.* | Case No.: 2:22-CR-00016-DC<br>STIPULATION TO CONTINUE STATUS CONFERENCE; ORDER |

STIPULATION Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on December 4, 2026.
2. By this stipulation, defendant moves to continue the status conference until March 12, 2027, at 9:30 a.m., and to exclude time between December 4, 2026, and March 12, 2027, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].
3. The parties agree and stipulate, and request that the Court find the following:

a) Defense counsel has received over 1100 electronic files of data from the DVR of security camera footage seized during the execution of the search warrant on August 29, 2019, which includes months of recordings. Defense counsel's review of the footage has raised questions about the completeness of the recordings produced. On November 14, 2026, defense counsel requested the complete chain of custody for the DVR and its hard drive, all forensic images and exports made from the DVR, the footage in its original native format with its metadata, and the DVR's system and event logs, and requested that the original DVR and hard drive be preserved for examination by a defense expert. Defense counsel is awaiting those materials.

b) Defense counsel emailed a discovery request on July 15, 2026, seeking the discovery referred to in the search warrant affidavit and related reports, and followed up in writing on November 4 and November 14, 2026. The government has advised that it is producing additional documents related to the search warrant and is reviewing the outstanding requests with the case agent.

c) In October 2026, the government provided defense counsel with a forensic extraction of Mr. Sargisson's cellular telephone. The extraction was produced as raw data, which cannot be opened without Cellebrite or Magnet Axiom forensic software. Defense counsel has asked the government to provide the extraction in a format that can be reviewed with free reader software and is awaiting a response.

d) Defense counsel desires additional time to review the discovery produced and the outstanding discovery described above, to consult with her client, to retain and consult with a defense expert regarding the DVR and its footage, to conduct investigation and research related to the current charges, to prepare and file a motion to suppress and request for a *Franks* hearing and, if necessary, a motion to compel discovery, to discuss potential resolutions to this matter, and to otherwise prepare for trial.

e) In addition, defense counsel is scheduled to try several jury trials in other matters over the next few months.

f) Counsel for defendant believes that failure to grant the above-requested continuance would deny Mr. Sargisson the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

g) The government does not object to the continuance.

h) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

i) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 4, 2026 to March 12, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 20, 2026

ERIC GRANT
United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

/s/Karren Kenney
Attorney for Benjamin Sargisson

# ORDER

IT IS HEREBY ORDERED, the court, having received, read and considered the parties' stipulation filed on November 20, 2026 (Doc. No. 97), and good cause appearing therefrom, APPROVES the parties' stipulation.

Accordingly, the Status Conference (Change of Plea/Trial Setting Hearing) scheduled for December 4, 2026, is VACATED and RESET for March 12, 2027 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between December 4, 2026 and March 12, 2027, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **November 23, 2026**

Dena Coggins
United States District Judge